**NATIONAL ORGANIZATION OF VETERANS' ADVOCATES, INC., Petitioner,**

v.

**SECRETARY OF VETERANS AFFAIRS, Respondent.**

No. 02–7346.

United States Court of Appeals, Federal Circuit.

May 14, 2003.

ment of Justice, of Washington, DC, argued for respondent. On the brief were David M. Cohen, Director; Bryant G. Snee, Assistant Director; and R. Alan Miller, Attorney. Of counsel on the brief were Richard J. Hipolit, Deputy Assistant General Counsel; and Martie Adelman, Attorney, Department of Veterans Affairs, of Washington, DC.

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

GAJARSA, Circuit Judge.

National Organization of Veterans' Advocates, Inc. ("NOVA") petitions for review of a Department of Veterans Affairs ("VA") regulation, 38 C.F.R. § 3.304(f) (2002), providing that evidence other than the veteran's service records may be sufficient to establish the occurrence of a stressor in claims for service connection of post-traumatic stress disorder ("PTSD") resulting from personal assault. NOVA challenges the regulation under 38 U.S.C. § 502 as arbitrary, capricious, an abuse of discretion, and not in accordance with statutory provisions, 38 U.S.C. §§ 1154(a) and 5107(b). We hold that 38 C.F.R. § 3.304 is valid because it is not arbitrary, capricious, or contrary to law. Thus, we deny the petition for review.

■ Because the petitioner seeks preenforcement review of an agency rule, we must determine as a threshold matter, whether the question presented in this petition is constitutionally ripe for judicial review. The framework for analyzing the ripeness of preenforcement agency action is well-established. "Ripeness 'requires us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consider-

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for petitioner.

Brian Owsley, Attorney, Commercial Litigation Branch, Civil Division, Depart-

ation.'" *Texas v. United States,* 523 U.S. 296, 300–01, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (quoting *Abbott Labs., Inc. v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967)). First, as to fitness, the question of whether amended § 3.304(f) is arbitrary, capricious, or contrary to 38 U.S.C. §§ 1154(a) and 5107(b) is purely a matter of statutory construction that would not "benefit from further factual development of the issues presented." *Ohio Forestry Ass'n, Inc. v. Sierra Club,* 523 U.S. 726, 733, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998). Nor would our review "inappropriately interfere with further administrative action," *id.,* because the regulation challenged here, promulgated in a formal manner after announcement in the Federal Register and consideration of comments by interested parties, is quite clearly definitive. Second, as to hardship, veterans must—on pain of forfeiting benefits—promptly abide by the amended regulation in claims for service connection of PTSD resulting from personal assault.

Whether or not this would suffice under the second prong of the *Abbott Laboratories* ripeness test, the Supreme Court has recognized that in certain instances, Congress has specifically instructed the courts to review agency rules preenforcement. *See Ohio Forestry,* 523 U.S. at 737, 118 S.Ct. 1665 (citing *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 891, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Harrison v. PPG Indus., Inc.,* 446 U.S. 578, 592–93, 100 S.Ct. 1889, 64 L.Ed.2d 525 (1980); 15 U.S.C. § 2618 (Toxic Substances Control Act) (providing preenforcement review of agency action); 30 U.S.C. § 1276(a) (Surface Mining Control and Reclamation Act of 1977) (same); 42 U.S.C. § 6976 (Resource Conservation and Recovery Act of 1976) (same); 42 U.S.C. § 7607(b) (Clean Air Act) (same); 43 U.S.C. § 1349(c)(3) (Outer Continental Shelf Lands Act) (same)). We believe that the judicial review provision of 38 U.S.C. § 502 is another instance in which Congress has declared its preference for preenforcement review of agency rules. Such statutes, the Supreme Court has said, permit "judicial review directly, even before the concrete effects normally required for [Administrative Procedure Act] review are felt." *Lujan,* 497 U.S. at 891, 110 S.Ct. 3177. Accordingly, this is a ripe situation in which "Congress explicitly provides for our correction of the administrative process at a higher level of generality," *id.* at 894, 110 S.Ct. 3177, than the general ripeness test demands.

## I. BACKGROUND

When a veteran seeks service connection for a disability, the agency of original jurisdiction, usually a VA regional office, is required to analyze and evaluate the supporting evidence in light of the places, types, and circumstances of service, as evidenced by service records; the official history of each organization in which the veteran served; the veteran's military records; and all pertinent medical and lay evidence. 38 U.S.C. § 1154(a) (2000); 38 C.F.R. § 3.303(a) (2002). With respect to injuries or disabilities incurred in or aggravated by combat, including psychiatric disabilities, the Secretary of Veterans Affairs ("Secretary") is required to accept, as sufficient proof of service connection of any disease or injury alleged to have been incurred in or aggravated by service, "satisfactory lay or other evidence of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service." 38

U.S.C. § 1154(b); 38 C.F.R. § 3.304(d) (2002). The Secretary is also required to resolve every reasonable doubt in this determination in favor of the veteran. *Id.*

On October 16, 2000, the VA issued a notice of proposed rulemaking to amend 38 C.F.R. § 3.304(f), concerning the proof necessary to establish occurrence of a stressor in claims for service connection of PTSD resulting from in-service, personal assault. *Post–Traumatic Stress Disorder Claims Based on Personal Assault,* 65 Fed.Reg. 61,132 (Oct. 16, 2000). The VA proposed to amend § 3.304(f) to provide that evidence other than the veteran's service records may be sufficient to establish the occurrence of the stressor and that the VA may not deny such claims without first advising the claimant that evidence from sources other than the veteran's service records may prove the stressor occurred. *Id.* Section 3.304(f) of title 38, Code of Federal Regulations, entitled "Direct service connection; wartime and peacetime," states:

> (f) *Post-traumatic stress disorder. Service connection for post-traumatic stress disorder requires medical evidence diagnosing the condition in accordance with § 4.125(a) of this chapter; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred.* Although service connection may be established based on other in-service stressors, the following provisions apply for specified in-service stressors as set forth below:
>
> (1) If the evidence establishes that the veteran engaged in combat with the enemy and the claimed stressor is related to that combat, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor.
>
> (2) If the evidence establishes that the veteran was a prisoner-of-war under the provisions of § 3.1(y) of this part and the claimed stressor is related to that prisoner-of-war experience, in the absence of clear and convincing evidence to the contrary, and provided that the claimed stressor is consistent with the circumstances, conditions, or hardships of the veteran's service, the veteran's lay testimony alone may establish the occurrence of the claimed in-service stressor.
>
> (3) *If a post-traumatic stress disorder claim is based on in-service personal assault, evidence from sources other than the veteran's service records may corroborate the veteran's account of the stressor incident. Examples of such evidence include, but are not limited to: records from law enforcement authorities, rape crisis centers, hospitals, or physicians; pregnancy tests or tests for sexually transmitted diseases; and statements from family members, roommates, fellow service members, or clergy. Evidence of behavior changes following the claimed assault is one type of relevant evidence that may be found in these sources. Examples of behavior changes that may constitute credible evidence of the stressor include, but are not limited to: a request for a transfer to another military duty assignment; deterioration in work performance; substance abuse; episodes of depression, panic attacks, or anxiety without an identifiable cause; or unexplained economic or social behavior changes. VA will not deny a post-traumatic stress*

*disorder claim that is based on in-service personal assault without first advising the claimant that evidence from sources other than the veteran's service records or evidence of behavior changes may constitute credible supporting evidence of the stressor and allowing him or her the opportunity to furnish this type of evidence or advise VA of potential sources of such evidence. VA may submit any evidence that it receives to an appropriate medical or mental health professional for an opinion as to whether it indicates that a personal assault occurred.*

38 C.F.R. § 3.304(f) (emphases added). The VA adopted the proposed rule, which became effective March 7, 2002. *Post–Traumatic Stress Disorder Claims Based on Personal Assault,* 67 Fed.Reg. 10,330–31 (Mar. 7, 2002). On May 3, 2002, NOVA timely filed a petition for review of 38 C.F.R. § 3.304(f), and we have jurisdiction to review the validity of the regulation challenged here pursuant to 38 U.S.C. § 502.

## II. DISCUSSION

### A. Standard of Review

This court directly reviews petitions under 38 U.S.C. § 502 in accordance with the standard of review in the Administrative Procedure Act ("APA"). *See Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs,* 314 F.3d 1373, 1378 (Fed.Cir. 2003). The APA requires the reviewing court to "decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706 (2000); *Liesegang v. Sec'y of Veterans Affairs,* 312 F.3d 1368, 1372 (Fed.Cir.2002). Where a finding of

fact or a discretionary action is involved, the APA requires the reviewing court to set aside agency actions that are:

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or]

(D) without observance of procedure required by law. . . .

5 U.S.C. § 706(2)(A)-(D). "This review is 'highly deferential' to the actions of the agency." *Disabled Am. Veterans v. Gober,* 234 F.3d 682, 691 (Fed.Cir.2000) (citing *LeFevre v. Sec'y of Veterans Affairs,* 66 F.3d 1191, 1199 (Fed.Cir.1995) (quoting *Ethyl Corp. v. Envtl. Prot. Agency,* 541 F.2d 1, 34 (D.C.Cir.1976))), *cert. denied,* 532 U.S. 973, 121 S.Ct. 1605, 149 L.Ed.2d 471 (2001).

 The first inquiry under 5 U.S.C. § 706, in which we interpret the meaning of relevant statutes, is governed by the standards established by the Supreme Court in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). In *Regions Hospital v. Shalala,* the Supreme Court explained:

Under the formulation now familiar, when we examine the Secretary's rule interpreting a statute, we ask first whether "the intent of Congress is clear" as to "the precise question at issue." *Chevron,* 467 U.S. at 842, 104 S.Ct. 2778. If, by "employing traditional tools of statutory construction," *id.* at 843 n. 9, 104 S.Ct. 2778, we determine that Congress' intent is clear, "that is

the end of the matter," *id.* at 842, 104 S.Ct. 2778. But "if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. 2778. If the agency's reading fills a gap or defines a term in a reasonable way in light of the Legislature's design, we give that reading controlling weight, even if it is not the answer "the court would have reached if the question initially had arisen in a judicial proceeding." *Id.* at 843 n. 11, 104 S.Ct. 2778.

522 U.S. 448, 457, 118 S.Ct. 909, 139 L.Ed.2d 895 (1998) (citations abbreviated). Thus, *Chevron* deference applies if Congress is either silent or ambiguous on a particular issue. However, when interpreting statutes relating to veterans, "interpretive doubt is to be resolved in the veteran's favor." *Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs,* 260 F.3d 1365, 1378 (Fed.Cir.2001) (citing *Brown v. Gardner,* 513 U.S. 115, 118, 115 S.Ct. 552, 130 L.Ed.2d 462 (1994)).

*B. Validity of the Challenged Regulation*

■ NOVA contends that 38 C.F.R. § 3.304(f) conflicts with the express language of 38 U.S.C. § 1154(a) because § 3.304(f) requires a claimant seeking service connection for PTSD to submit "credible supporting evidence that the claimed in-service stressor occurred." NOVA asserts that § 1154(a) does not require that claimants who seek service connection for non-combat-related PTSD claims must satisfy an evidentiary requirement not imposed on claimants for combat-related PTSD. NOVA also contends that § 3.304(f) is inconsistent with the requirement in § 1154(a) that the VA's regulations regarding service connection shall give "due

consideration ... to all pertinent medical and lay evidence."

The VA argues that § 3.304(f) is consistent with 38 U.S.C. § 1154(a) because § 1154(a) does not define the type of evidence necessary to establish the occurrence of an in-service stressor for purposes of establishing service-connection for non-combat-related PTSD claims. The VA thus concludes that a gap exists in § 1154(a) that is filled by § 3.304(f), and that the regulation is entitled to deference under *Chevron.* Additionally, the VA contends that the requirement in § 1154(a) that "due consideration" be given to pertinent lay evidence does not require that such evidence alone be considered sufficient to prove a claim in all instances.

We conclude that § 3.304(f) is not contrary to 38 U.S.C. § 1154(a). Section 1154(a), entitled "Consideration to be accorded time, place, and circumstances of service," provides:

> The Secretary shall include in regulations pertaining to service-connection of disabilities (1) additional provisions in effect requiring that in each case where a veteran is seeking service-connection for any disability *due consideration shall be given to the places, types, and circumstances of such veteran's service as shown by such veteran's service record, the official history of each organization in which such veteran served, such veteran's medical records, and all pertinent medical and lay evidence,* and (2) the provisions required by section 5 of the Veterans' Dioxin and Radiation Exposure Compensation Standards Act (Public Law 98–542; 98 Stat. 2727).

38 U.S.C. § 1154(a) (2000) (emphasis added). Section 1154(a) requires that in adjudicating a claim for service connection of

disabilities, the Secretary must give consideration to the places, types, and circumstances of a veteran's service, and 38 U.S.C. § 501(a) authorizes the Secretary to promulgate regulations with respect to the nature and extent of proof and evidence necessary to establish entitlement to veterans benefits.

In accordance with this authority, the VA has promulgated 38 C.F.R. § 3.304(f) requiring credible supporting evidence of the occurrence of the stressor in PTSD claims except in certain circumstances in which the claimed stressor is related to combat or to the veteran's prisoner-of-war experience. Amended § 3.304(f) expressly requires that the VA not deny PTSD claims based on personal assault without first advising claimants that evidence from sources *other than the veteran's service records* may corroborate the occurrence of the stressor. A veteran's statement regarding a non-combat-related, in-service assault is certainly evidence that must be considered by the VA in adjudicating a PTSD claim, and § 3.304(f) does not alter the VA's obligation to "review ... the entire evidence of record," including "all pertinent medical and lay evidence," when making a determination regarding service connection. 38 C.F.R. § 3.303(a) (2002); *see* 38 U.S.C. § 1154(a); 38 C.F.R. § 3.304(b)(2) (History conforming to accepted medical principles should be given due consideration, in conjunction with basic clinical data, and be accorded probative value consistent with accepted medical and evidentiary principles...."). Accordingly, § 3.304(f) is not contrary to 38 U.S.C. § 1154(a); nor is it arbitrary or capricious.

■ NOVA also contends that 38 C.F.R. § 3.304(f), which requires credible supporting evidence for non-combat-related PTSD claims, conflicts with 38 U.S.C.

§ 5107(b), which provides that the Secretary must "consider all information and lay and medical evidence of record" in a claim and give the benefit of the doubt to a claimant "[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter." 38 U.S.C. § 5107(b) (2000). Specifically, NOVA contends that § 3.304(f) negates the statutory requirement for consideration of all evidence, including lay evidence. NOVA further argues that 38 U.S.C. § 5107(b), as amended by the Veterans' Claims Assistance Act ("VCAA") of 2000, Pub.L. No. 106–475, § 4, 114 Stat.2096, 2098–99 (2000), evinces congressional intent that lay evidence be considered in the same manner as all other evidence. The VA responds that § 3.304(f) does not conflict with 38 U.S.C. § 5107(b) because § 3.304(f) does not preclude the VA from considering lay evidence concerning the occurrence of an in-service stressor.

We conclude that § 3.304(f) does not conflict with 38 U.S.C. § 5107(b). Section 5107(b), entitled "Claimant responsibility; benefit of the doubt," provides:

(b) BENEFIT OF THE DOUBT.—*The Secretary shall consider all information and lay and medical evidence of record* in a case before the Secretary with respect to benefits under laws administered by the Secretary. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.

38 U.S.C. § 5107(b) (emphasis added). Section 5107(b) provides that the VA must consider all information and lay and medical evidence of record in adjudicating a claim for veterans benefits and that

"[w]hen there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant." *Id.; see* 38 C.F.R. § 3.102 (2002) ("The reasonable doubt doctrine is also applicable even in the absence of official records, particularly if the basic incident allegedly arose under combat, or similarly strenuous conditions . . . .").

Section 3.304(f) requires that, in non-combat-related PTSD claims, "credible supporting evidence" in addition to lay evidence is needed to confirm a veteran's statements as to the occurrence of an in-service stressor. Section 3.304(f), however, does not permit the Secretary to deny service connection for PTSD to non-combat veterans without considering all information or evidence in the record, including lay evidence. Indeed, corroborating evidence of an in-service stressor may in some situations be provided by lay evidence. 38 C.F.R. § 3.304(f)(3) (stating corroboration may be provided by "statements from family members, roommates, fellow service members, or clergy"). Moreover, both § 5107(b) as amended by the VCAA, § 4, 114 Stat. at 2098–99, and former § 5107(b) require, in substance, that the VA consider all information and evidence of record and give the claimant the benefit of the doubt if the evidence is in balance. *Compare* 38 U.S.C. § 5107(b) (2000) ("The Secretary shall consider all information *and lay and medical evidence* of record in a case before the Secretary with respect to benefits under laws administered by the Secretary." (emphasis added)), *with* 38 U.S.C. § 5107(b) (1994) (requiring "consideration of all evidence and material of record in a case before the Department with respect to benefits under laws administered by the Secretary"). In short, the addition of a specific reference to lay evidence in 38 U.S.C. § 5107(b) does not preclude the requirement in § 3.304(f) of "credible supporting evidence." Because 38 C.F.R. § 3.304(f) is consistent with § 5107(b) by not precluding the consideration of lay evidence, we hold § 3.304(f) to be valid.

### III. CONCLUSION

We hold that 38 C.F.R. § 3.304(f) challenged by petitioner is valid because the regulation is not arbitrary, capricious, or contrary to law. The petition for review is therefore

*DENIED.*