**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 01-0427

ETTA KAY, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued November 12, 2002                          Decided    December 19, 2002)

*Stephen M. Stepper,* of West Palm Beach, Florida, for the appellant.

*Debra L. Bernal*, with whom *Tim S. McClain*, General Counsel; *Joan E. Moriarty*, Acting Assistant General Counsel;  and *Mary Ann Flynn*, Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before FARLEY, IVERS, and STEINBERG, *Judges*.

FARLEY, *Judge*:  Before the Court is a February 21, 2001, Board of Veterans' Appeals (Board or BVA) decision that denied the appellant's claim of entitlement to an effective date earlier than August 1, 1997, for the award of dependency and indemnity compensation (DIC) benefits. Both parties filed briefs, and the appellant filed a reply.  Thereafter, the Court ordered the parties to file supplemental memoranda of law on questions involving 38 U.S.C. §§ 7722(c) and (d), 5110(d)(1), and 503(a).  Oral argument was held on November 12, 2002.  This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a).  For the reasons set forth below, the Court will vacate the Board's decision and remand the matter.

**I.  FACTS**

The appellant, Etta Kay, is the surviving spouse of the veteran, Stewart J. Kay, who died in March 1981.  R. at 15, 26.  In April 1981, the appellant filed an application for benefits with the Social Security Administration (SSA) and was awarded a lump-sum death payment (LSDP) of $255 in May 1981.  R. at 170.

The appellant filed an application for DIC with VA on July 16, 1997. R. at 28-31. Benefits were awarded, effective August 1, 1997, by a March 1998 VA decision, and the appellant was so notified. R. at 93-94. Thereafter, she sought an earlier effective date, arguing that in 1981 the military casualty officer had misinformed her as to potential entitlement to DIC. R. at 99. The Board denied her claim in August 1999 (R. at 115-18), and she appealed to this Court. Here, the parties submitted a joint motion for remand (R. at 121-42), which was granted by the Court (R. at 144). In the joint motion, the parties agreed that the Board's decision contained an inadequate statement of reasons or bases in that it incorrectly stated that the appellant had not filed for SSA benefits. R. at 123-126. Both parties also agreed that additional development related to the SSA documentation was necessary, since, pursuant to 38 U.S.C. § 5105, the appellant's application to SSA for death benefits may have also acted as an application for VA benefits. *Id.*

In April 2000, SSA responded to the appellant's request for a copy of the 1981 application for death benefits she had filed. R. at 146. SSA acknowledged that the LSDP was paid in June 1981 (In a later correspondence, SSA stated that the payment was actually made in May 1981 (R. at 170)), but indicated that after five years all inactive folders are destroyed and, therefore, the appellant's application was not available. *Id.* In August 2000, the RO requested of SSA a copy of the application. R. at 168. The RO additionally requested that if no application was available, SSA provide a statement concerning the type of application that would have been filed in 1981 to receive an LSDP. *Id.* In September 2000, SSA responded: "According to our files the only application filed under [the veteran's] record was for the [LSDP]. This application was filed in April 1981. The LSDP of $255.00 was issued to [the appellant] in May 1981." R. at 170. The record does not reveal any further communications between SSA and the appellant or VA.

In October 2000, a Supplemental Statement of the Case was issued to the appellant. R. at 172-75. The appellant then requested that her appeal be forwarded to the Board. R. at 177-78. The February 21, 2001, Board decision here on appeal continued the denial of entitlement to an earlier effective date. R. at 1-12. The Board determined that the appellant's application for LSDP with SSA could not have been submitted on a jointly prescribed application for DIC benefits because, pursuant to 42 U.S.C. § 402(o), only SSA benefits applications for child's insurance benefits, widow's insurance benefits, mother's and father's insurance benefits, and parent's insurance benefits have

jointly prescribed applications for VA benefits in addition to SSA benefits. R. at 7. LSDP benefits are provided for in subsection (i) of 42 U.S.C. § 402, which subsection (o) does not identify as a benefit for which an application would be considered a joint application for VA benefits. As such, the Board concluded that the "lack of inclusion of [section 402(i) was] *intentional*, and that an application [with SSA] for [an LSDP] was not considered to be an application for death benefits with VA." *Id.* In further support of its decision, the Board noted that all current SSA applications for the benefits listed in 42 U.S.C. § 402(o) specifically state that that application also should be considered an application for VA benefits, but that the current LSDP application does not. Therefore, the Board concluded that, based on the applicable statutes, regulations, and current application forms, the appellant did not apply for VA benefits in 1981 because her application for LSDP could not have been on a form jointly prescribed by VA and SSA pursuant to 38 U.S.C. § 5105.

The appellant argues on appeal that 42 U.S.C. § 402(o) is not applicable to her claim, and thus should not be read in tandem with 38 U.S.C. § 5105, and that the Board erroneously relied on current SSA application forms for LSDP to demonstrate that, in 1981, LSDP applications were not jointly prescribed by SSA and VA pursuant to 38 U.S.C. § 5105. She also argues that the Board failed to abide by its own rules and policies found in the VA Adjudication Procedure Manual M21-1 (Manual M21-1) and VA General Counsel opinions. The appellant asserts that the Board and VA incorrectly refer to LSDP as not a "survivor benefit." Appellant's Brief (Br.) at 10. She further asserts that 38 U.S.C. § 5105 directs the SSA and VA to prescribe forms for the "use of survivors . . . in filing an application for benefits" and that it does not refer to applications for "survivor benefits." Br. at 11 (quoting 38 U.S.C. § 5105). The appellant argues that by denying an earlier effective date to LSDP applicants, VA in fact creates a separate classification of applicants contrary to the U.S. Constitution, resulting in disparate treatment without justification. Lastly, the appellant maintains that any reasonable doubt surrounding the facts of this case should be resolved in favor of the appellant. She asks the Court to reverse the Board's February 21, 2001, decision and assign an earlier effective date of March 3, 1981.

The Secretary argues that the Board correctly denied the appellant's claim for entitlement to an effective date earlier than August 1, 1997, for the award of DIC benefits. He also argues that the Board's findings of fact are supported by a plausible basis in the record and that the Board provided

3

an adequate statement of reasons or bases for its decision. The Secretary asks the Court to affirm the Board's decision.

In response to the Court's order for supplemental memoranda, the Secretary argues that 38 U.S.C. § 7722 does not create any enforceable duties on VA. He states that sections 7721 and 7722 were written with the intent of VA to create an outreach program. He cites to *Rodriguez v. West*, 189 F.3d 1351, 1355 (Fed. Cir. 1999), *cert. denied*, 529 U.S. 1004 (2000), where the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) stated that section 7722(d) appears to be a hortatory statement of federal policy rather than imposing any obligation on the Secretary. The Secretary argues that, according to *Rodriguez, supra*, the appellant is not entitled to the equitable tolling of 38 U.S.C. § 5110(d) (the controlling effective date statute) because section 7722 does not create any enforceable rights and there is no justification for circumventing section 5110(d)(1). Lastly, the Secretary states that he is not inclined to use his discretionary power under 38 U.S.C. § 503(a) because there was no administrative error on the part of the federal government. The appellant argues, in reply, that the one-year period in section 5110(d)(1) should be tolled because the Secretary has conceded that there was a failure of the duty to assist the appellant with her claim.

## II. ANALYSIS

### A.

In *Rodriguez,* 189 F.3d at 1355*,* the Federal Circuit stated that "[i]t is doubtful whether [section 7722(d)] create[s] any enforceable rights for an applicant for benefits who did not receive assistance in presenting a claim" and thus, there is no justification for circumventing the controlling effective date pursuant to 38 U.S.C. § 5110. In *Andrews v. Principi*, 16 Vet.App. 309, 318 (2002), this Court held that the opinion in *Rodriguez, supra*, was binding on this Court because it "represent[ed] a holding that section 5110's command as to effective dates is not subject to equitable tolling based on a failure to follow section 7722(d)." Accordingly, the appellant cannot find relief through the equitable tolling of 38 U.S.C. § 5110(d)(1) based on the fact that the Secretary may not have properly acted in accordance with 38 U.S.C. §§ 7722(c) or (d). *See Rodriguez* and *Andrews*, both *supra*. The Secretary also states that he will not grant equitable relief under 38 U.S.C. § 503 because there was no administrative error on the part of the federal government. This Court has held

4

that it has no jurisdiction to review Secretarial determinations under 38 U.S.C. § 503. *See Zimick v. West*, 11 Vet.App. 45, 50-51 (1998); *Darrow v. Derwinski*, 2 Vet.App. 303, 305 (1992) ("Congress has not provided for an appeal of the exercise of the Secretary's equitable relief authority . . . .").

B.

The Board is required to include in its decision a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record. 38 U.S.C. § 7104(d)(1). The statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Simon v. Derwinski*, 2 Vet.App. 621, 622 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. *See Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table); *Gabrielson v. Brown*, 7 Vet.App. 36, 39-40 (1994); *Gilbert*, *supra*. Moreover, "an inadequate record frustrates judicial review." *Ardison v. Brown*, 6 Vet.App. 405, 407 (1994). The U.S. Supreme Court has stated:

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

*Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *see also Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 347 (D.C. Cir. 1989) ("The proper course in a case with an inadequate record is to vacate the agency's decision and to remand the matter to the agency for further proceedings.").

Each party sent a letter to SSA in an effort to locate the appellant's original SSA application. R. at 146; *see* R. at 168. VA also requested an explanation of the type of form that would have been used to apply for death benefits from SSA in 1981. R. at 168. At oral argument, the Secretary principally relied on the following language of SSA's September 2000 response letter: "According

5

to our files the only application filed under [the veteran's] record was for the [LSDP]. This application was filed in April 1981. The LSDP of $255.00 was issued to [the appellant] in May 1981." R. at 170. While the Secretary argues that the language of this letter indicates that the appellant only filed an LSDP application, an earlier letter written to the appellant in April 2000 by the same author indicates that SSA does not have the appellant's application: "We destroy all folders that have no identity on what [sic] account after five years. We do not have [the appellant's] application for benefits." R. at 146. Thus, there is no predicate in the record for the purported conclusion that the appellant *only* filed an LSDP application. There is also no evidence in the record that either party took any further action to find out information about the history of the 1981 forms or whether there are copies of the forms in the SSA archives. It is difficult for the Court to believe that a government agency does not keep an archival record of all the forms it has authorized for use throughout its existence. The Board decision on appeal does not discuss the apparent inconsistency between the two letters nor does it address the fact that little effort was made by either party to obtain a copy of the type of form used in 1981 for SSA death benefits. The Board decision also fails to address the applicable VA Manual M21-1 provisions 6.05 and 26.01(h). These provisions provide a broad definition for the types of applications that are considered joint applications for VA and SSA benefits. Instead, the Board improperly relied on current forms for SSA death benefits in support of its decision. The Board's assumption that the SSA death benefits form was the same in 1981 as it is today is unsupported by the record.

The Board's analysis also lacks historical support for distinguishing the type of application used for LSDP (a one-time payment) from applications used for other benefits that require periodic payments for which SSA and VA have jointly prescribed applications, such as those listed in 42 U.S.C. § 402(o). Nothing in the legislative history of 42 U.S.C. § 402(o) submitted to the Court suggests that it was meant to limit the type of benefits for which VA and SSA could have jointly prescribed applications in accordance with 38 U.S.C. § 5105 (2002) (formerly 38 U.S.C. § 3005 (1988)). Therefore, the Board's conclusion that LSDP benefits were intentionally excluded from 42 U.S.C. § 402(o) is also unsupported by the record.

Although the appellant asks the Court to reverse the Board decision and assign an earlier effective date, reversal is the appropriate remedy only when "[t]here is absolutely no plausible basis"

6

for the BVA's decision and where that decision "is clearly erroneous in light of the uncontroverted evidence in appellant's favor." *Hersey v. Derwinski*, 2 Vet.App. 91, 95 (1992). "Where the Board has incorrectly applied the law, failed to provide an adequate statement of reasons or bases for its determinations, or where the record is otherwise inadequate, a remand is the appropriate remedy." *Tucker v. West*, 11 Vet.App. 369, 374 (1998); *see generally Fla. Power & Light Co., supra*; *Occidental Petroleum Corp., supra; Hicks v. Brown*, 8 Vet.App. 417, 422 (1995). The Court finds that the Board's statement of its reasons or bases for its decision is insufficient and that the record on appeal is inadequate for judicial review. Accordingly, remand is the appropriate remedy.

The Court will not at this time address the other arguments raised by the appellant for the first time in this appeal. *See Best v. Principi*, 15 Vet.App. 18, 20 (2001) ("A narrow decision preserves for the appellant an opportunity to argue those claimed errors before the Board at the readjudication, and, of course, before this Court in an appeal, should the Board rule against him."); *Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000) ("While the [U.S. Court of Appeals for Veterans Claims] may hear legal arguments raised for the first time with regard to a claim that is properly before the Court, it is not compelled to do so in every instance."). On remand the appellant is free to proffer his arguments to the Board, and the Board must address them. *See Kutscherousky v. West*, 12 Vet.App. 369, 372 (1999) (per curiam order) (on remand, appellant free to submit additional evidence and argument); *Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992). "A remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

## III. CONCLUSION

Upon consideration of the foregoing, the February 21, 2001, decision of the Board is VACATED and the matter is REMANDED for readjudication consistent with this opinion.


DATED: