# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-259

FRED E. DAVIS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued January 13, 2003                    Decided  March 19, 2003        )

*Sandra Booth*, of Columbus, Ohio, for the appellant.

*Mary Ann Flynn*, with whom *John H. Thompson*, Acting General Counsel, and *Ron Garvin*, Assistant General Counsel, were on the pleadings, all of Washington, D.C., for the appellee.

Before KRAMER, *Chief Judge*, and FARLEY and GREENE, *Judges*.

GREENE, *Judge*:  Veteran Fred E. Davis appealed, through counsel, a December 3, 1997, Board of Veterans' Appeals (Board) decision that denied his claim for service connection for substance abuse as lacking legal merit.  The matter now returns to the Court after a remand from the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), following this Court's August 1999 affirmance of the Board's decision.  *Davis v. Gober*, No. 00-7049, 2000 U.S. App. LEXIS 29635 (Fed. Cir. Oct. 25, 2000) (order issued as mandate) (removing case from Federal Circuit argument calendar and remanding to this Court for further proceedings consistent with *Hensley v. West*, 212 F.3d 1255 (Fed. Cir. 2000)).  The Court has jurisdiction under 38 U.S.C. § 7252(a).  For the reasons that follow, the Board's decision will be vacated and the matter remanded.

## I.  FACTS

Mr. Davis served on active duty in the U.S. Army from December 1970 until his honorable discharge in March 1973.  Record (R.) at 8.  The record on appeal (ROA) reflects that in January 1979 Mr. Davis reported to a VA medical center (VAMC) to receive treatment for alcohol addiction.

R. at 47-48. His medical history taken at that time revealed a "32 year old . . . veteran . . . [who] admitted to an alcohol history of fifteen years, with the last four years being the most abusive." R. at 47. On November 12, 1986, he was admitted to a VAMC inpatient rehabilitation program for chronic alcohol and cocaine dependence. R. at 49-50. He was discharged on December 1, 1986, with a report noting that his counselor felt he would "je[o]pardize the program and the progress of the other veterans" in the program if he remained in it. *Id.*

In October 1989, a VA regional office (RO) received a request from Mr. Davis to reopen his claim for service connection for a foot condition, stating that he was "willing to report now for any exam." R. at 40. The RO sent him a formal application, which he returned claiming service connection for stress and for a mental condition. R. at 42-44. A December 1989 RO decision denied that claim on the basis that he did not have a current diagnosis of post-traumatic stress disorder, psychosis, or neurosis. R. at 74-75. The decision noted that his service medical records (SMRs) were not available and could not be reconstructed, and stated that Mr. Davis' disability was "the result of [his] own willful misconduct — cocaine and alcohol abuse." *Id.*; *see also* R. at 15, 17 (documents dated 1979 and 1987 indicating SMRs had been sent from National Personnel Records Center (NPRC) to RO in 1978 and could not be located by NPRC or RO).

In September 1995, Mr. Davis submitted to the RO correspondence disagreeing with a denial of a claim for service connection for diabetes (any previous documentation of this claim is not of record). R. at 80-81. At that time he also requested non-service-connected benefits and inquired about the status of his claims for a foot disorder and for "substance abuse." *Id.* The RO treated the correspondence as a claim for VA benefits, and in December 1995 issued a decision finding, inter alia, that Mr. Davis' substance abuse was the result of willful misconduct, and, therefore, he was not eligible for a grant of service connection. R. at 83-84. He filed a Notice of Disagreement (R. at 89), and the RO issued a Statement of the Case (SOC) (R. at 93-103).

In October 1996, Mr. Davis underwent a VA psychiatric examination. R. at 184-85. He related to Dr. Ernest Castillo that he had started drinking as a teenager and started using heroin in 1974. R. at 185. He also reported that he had been "off and on" a methadone program from "1973 or 1974" until 1981. *Id.* He told the examiner that he had been free of drugs since March 1996 and

2

free of alcohol since 1989 or 1990. *Id.* Dr. Castillo diagnosed him as suffering from a delusional disorder and insulin-dependent diabetes mellitus. *Id.*

A December 1996 RO decision granted Mr. Davis non-service-connected pension but denied service connection for substance abuse. R. at 191-93. The RO issued a Supplemental SOC (R. at 187-89) and Mr. Davis appealed to the Board (R. at 195-96). In his appeal he stated:

> [W]hile in service close to separation I was given a urine test and was found to be positive for morphine. I was then sent to the Hospital at Ft. Knox for detoxification and placed on methadone for a period of four or five years. In other words it carried over after service, I was hooked on the methadone that was supposed to cure me of my substance abuse condition.

R. at 195.

Denying the claim in December 1997, the Board framed the issue as "[e]ntitlement to service connection for substance abuse" and found, as a matter of law, that Mr. Davis was not entitled to benefits. R. at 1-4. The Board stated: "The veteran's substance abuse is of primary origin, and the result of his own willful misconduct, and not subject to service connection." R. at 2. The Board noted that no SMRs were part of the claims file and stated:

> Records of post-service VA treatment show that the veteran has been treated and diagnosed with alcohol addiction; chronic alcohol and cocaine dependence; substance dependence; cocaine and alcohol abuse; drug abuse, cocaine and marijuana; and alcohol, opiate and cocaine dependence. These treatment records include no evidence that the veteran's various addictions are not of primary origin, or the result of the veteran's own willful misconduct.

R. at 4. Relying on *Sabonis v. Brown*, 6 Vet.App. 426, 430 (1994), the Board concluded that "[n]otwithstanding the veteran's statement that his drug problem began in military service, drug abuse is considered to be of willful[-]misconduct origin and it may not be service connected as a primary condition." R. at 4. Mr. Davis appealed the Board's decision to this Court.

## II. ANALYSIS

A Board determination on whether a particular disability will be service connected is a finding of fact that the Court reviews under the "clearly erroneous" standard of review. *See* 38 U.S.C. § 7261(a)(4); *Russo v. Brown*, 9 Vet.App. 46, 50 (1996); *Horowitz v. Brown*, 5 Vet.App. 217, 221 (1993). When rendering a decision, the Board is required to provide a written statement

of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record. *See* 38 U.S.C. § 7104(d)(1). The Board must identify the findings it deems crucial to its decision and account for the evidence it finds persuasive or unpersuasive. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). "The statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court." *Kay v. Principi*, 16 Vet.App. 529, 532 (2002) (citing *Allday v. Brown*, 7 Vet.App. 517, 527 (1995)). Where the Board fails to meet this obligation, the Court is precluded from effectively reviewing the adjudication. *See Meeks v. Brown*, 5 Vet.App. 284, 288 (1993); *see also Ardison v. Brown*, 6 Vet.App. 405, 407 (1994) (holding that "an inadequate record frustrates judicial review"). Generally, a remand is the appropriate remedy where the Board has failed to provide an adequate statement of reasons or bases for its determinations. *See Hicks v. Brown*, 8 Vet.App. 417, 422 (1995).

Mr. Davis contends that the Board erred in denying his claim as a matter of law. At oral argument, counsel for Mr. Davis stated that the "claim is not for service connection for drug abuse," but rather, "the disability is the substance abuse that resulted from the in-service treatment of methadone." Mr. Davis argues that morphine is a legal prescription drug and that there is no evidence that the in-service detection of it in his system demonstrated its use for other-than-prescribed purposes. He contends further that the in-service methadone treatment was prescribed based on the presence of morphine in his urine and that there is no evidence that he took methadone for any purposes other than those prescribed. In fact, counsel stated at argument that she has knowledge of additional medical records pertaining to Mr. Davis' postservice methadone treatment by VA. Mr. Davis argues that, because there is no evidence that his disability is the result of misconduct or the abuse of drugs, the Board erred in concluding that his behavior was willful misconduct and, therefore, that his claim lacked legal merit.

The Board is correct that service connection cannot, as a matter of law, be granted for primary substance abuse. *See* 38 U.S.C. §§ 101(16), 105, 1110; 38 C.F.R. § 3.301 (2002); *Allen v. Principi*, 237 F.3d 1368, 1370 (Fed. Cir. 2001). In this case, however, the ROA and the reasoning provided by the Board are insufficient to permit the Court to conduct meaningful judicial review. *See Kay,* 16 Vet.App. at 532-33. The argument Mr. Davis made to the Board, the one counsel

4

emphasizes here, is that *any* disability Mr. Davis now suffers is the result of in-service methadone treatment by VA. Although the Board noted that Mr. Davis "alleges that being provided methadone in a detoxification program resulted in addiction," the Board did not address in any manner that claim, merely concluding without the requisite reasons or bases that his condition was of "primary origin." R. at 2. In light of counsel's suggestion as to the existence of additional, purportedly relevant VA medical records pertaining to Mr. Davis' methadone treatment, and based on the paucity of the record relied upon by the Board, the Court is unable to review effectively the Board's decision. Accordingly, that decision must be vacated and the matter remanded for readjudication. *See Ardison,* 6 Vet.App. at 409-10.

We note that while this case was on appeal, the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000), was enacted. Among other things, the VCAA eliminated the well-grounded-claim requirement and modified the Secretary's duties to notify and assist claimants. *See generally* VCAA, §§ 3, 4, 7. On remand, Mr. Davis is entitled to any expanded notice and assistance afforded by the VCAA. *See* 38 U.S.C. §§ 5103(a), 5103A; *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) ("[W]here the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version mo[re] favorable to [the] appellant should . . . apply unless Congress provided otherwise or permitted the Secretary . . . to do otherwise and the Secretary did so.").

## III. CONCLUSION

Upon consideration of the pleadings, arguments presented by the parties, and review of the record, the Court holds that the Board's decision fails to fulfill the "reasons or bases" requirement of 38 U.S.C. § 7104(d)(1) and that the ROA is inadequate for effective judicial review. *See Kay,* 16 Vet.App. at 533; *Gilbert*, 1 Vet.App. at 56-57. Accordingly, the December 3, 1997, decision of the Board is VACATED and the matter is REMANDED.