# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-813

WILLIE O. SANDERS, APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Decided     August 20, 2003  )

*Mark R. Lippman*, of La Jolla, California, was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Acting Assistant General Counsel; *Brian B. Rippel*, Acting Deputy Assistant General Counsel;  and *Jimmy R. Moye,* all of Washington, D.C.*,* were on the brief for the appellee.

Before KRAMER, *Chief Judge*, and IVERS and GREENE, *Judges*.

GREENE, *Judge*, filed the opinion of the Court.  Kramer, *Chief Judge*, filed a concurring opinion.

GREENE, *Judge*:  Veteran Willie O. Sanders appeals, through counsel, an April 9, 2001, Board of Veterans' Appeals (Board) decision denying his claim for a compensable rating for his service-connected hepatitis.  Record (R.) at 2-3.  Mr. Sanders argues that VA has committed error by rendering a decision denying his claim without providing him a medical examination as promised by a VA hearing officer during the development and adjudication of that claim.  This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a).  For the reasons that follow, the Court will vacate the Board decision and remand the matter.

## I. FACTS

Mr. Sanders served on active duty in the U.S. Army from September 1944 to November 1946. R. at 29, 30, 43-45. In 1977 he filed a claim for service connection for hepatitis that was denied by a VA regional office (RO). R. at 32-35. He did not appeal that decision and it became final. In February 2000, VA reopened the previously and finally disallowed claim and found that Mr. Sanders had contracted hepatitis in service and awarded him service connection, effective July 28, 1999, the date that he had filed his claim to reopen. R. at 96-98. However, the RO determined that the existing medical evidence revealed that he did not have any residuals of hepatitis and thus assigned Mr. Sanders a noncompensable rating. R. at 62-63, 95-99. Mr. Sanders filed a Notice of Disagreement (NOD) (R. at 100), and the RO issued a Statement of the Case (SOC) in which it continued the noncompensable rating (R. at 102-13). Mr. Sanders then filed a Substantive Appeal and requested a hearing before the RO. R. at 115-18.

At a personal hearing held in May 2000, he testified under oath and described symptoms that he believed were caused by his hepatitis. R. at 157-62. He reported that for the previous eight or nine months he had been under the medical care of Dr. James Beasley, whom he had last seen approximately one month before the hearing. R. at 158-59. Dr. Beasley's medical report was given to the hearing officer. R. at 159. The hearing officer indicated that the medical evidence then of record did not support a compensable disability rating. R. at 163, 168. She told Mr. Sanders that VA needed medical evidence in order to grant his claim for an increased rating. R. at 165, 168-69. Mr. Sanders' representative requested that the hearing officer suspend the matter for 60 days so that Mr. Sanders could obtain a medical opinion from Dr. Beasley or a gastroenterologist, and the hearing officer agreed. R. at 166.

During that same hearing, Mr. Sanders' son questioned why VA was requiring his father to produce the medical opinion, and asked: "Why can't . . . VA produce a gastroenterologist? We have done everything that we've been asked to do?" R. at 169. In response, the hearing officer asked whether Mr. Sanders' son was requesting that VA schedule Mr. Sanders for a medical examination by a VA gastroenterologist at the VA medical center. *Id.* Mr. Sanders' son then stated: "If we went to one of your doctors as opposed to his doctor, it would speed [the decision process] up," and the hearing officer responded, "Yes, sir. It would speed it up." R. at 171. She then added: "I'm willing

to do that . . . . I'm going to go ahead and request the opinion rather than asking you to submit it. So, yes, that will speed it up." R. at 172. The following dialogue between Mr. Sanders' accredited representative and the hearing officer ensued:

> [Representative]: Okay. Okay, ma'am. Once the exam is scheduled and you get the results from the exam, if the evidence comes out in favor of Mr. Sanders for an increase, you can grant it.
>
> Hearing Officer: Okay. Mr. Sanders, *what I'm going to do is*, following the hearing [I will] issue an examination request to the VA Medical Center here in Jackson requesting that they have a gastroenterologist review your records *and examine you* and give me an opinion as to whether the current gastrointestinal problems that you're having are related to your hepatitis A infection in service. If they tell me it's not related, I will ask –or I will ask when I issue the examination report the diagnosis of the disability which is causing your symptoms, if it's not related. Okay? When I get that information back, if they tell me that the symptoms are related, then I will be able to grant an increase. A compensable evaluation for your disability back to the date of the claim.

R. at 175 (emphasis added).

In June 2000, the RO received Mr. Sanders' November 1999 medical records for his treatment for his gastrointestinal problems. R. at 187-90. Based on this evidence, the RO, in August 2000, rendered a decision denying Mr. Sanders' claim for a compensable rating and issued a Supplemental SOC. R. at 198-204. The RO found that the November 1999 medical records did not reveal that Mr. Sanders had any diagnoses for active hepatitis residuals, and that, therefore, "another VA examination [was] not medically indicated in this case." R. at 204. In October 2000, Mr. Sanders appealed to the Board. R. at 220. In the decision here on appeal, the Board found that Mr. Sanders' hepatitis A, although contracted in service, was asymptomatic and the Board affirmed the noncompensable rating awarded by the RO. R. at 2, 6. The Board did not address the hearing officer's statement regarding VA providing Mr. Sanders with a medical examination. Mr. Sanders then appealed to this Court.

On appeal, Mr. Sanders does not argue that he is entitled to a compensable rating. Rather, he argues that VA's representation that it would provide him with a gastrointestinal examination constitutes an "express stipulation," and that VA should be required to comply with that stipulation.

Appellant's Brief (Br.) at 3. He contends that VA's failure to provide the examination after promising to do so violates basic principles of fundamental fairness and is counter to the uniquely paternalistic nature of the VA claims process. The Secretary responds that the Board's determination that Mr. Sanders' hepatitis was asymptomatic and thus noncompensable has a plausible basis based on the record and is therefore not clearly erroneous. As to Mr. Sanders' specific argument, the Secretary maintains that the hearing officer's representation "did not create . . . any right to additional development not otherwise warranted by this case." Secretary's Br. at 12. He argues that the government should not bear any obligation to obtain an otherwise unwarranted examination "simply because a government employee incorrectly indicated that such an examination appeared to be in order, though it was later found not to be warranted." *Id.* at 12-13. By analogy, the Secretary cites *McTighe v. Brown*, 7 Vet.App. 29 (1994), for the proposition that erroneous advice given by a government employee cannot be used to estop the government from denying benefits. Thus, the Secretary urges the Court to affirm the Board decision.

## II. ANALYSIS

The Board's decision must include a written statement of the reasons or bases for the findings and conclusions on all material issues of fact and law presented on the record. *See* 38 U.S.C. § 7104(d)(1). "The Board must identify the findings it deems crucial to its decision and account for the evidence it finds persuasive or unpersuasive." *Davis v. Principi*, 17 Vet.App. 54, 57 (2003); *see also Gilbert, supra.* "The statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court." *Kay v. Principi*, 16 Vet.App. 529, 532 (2002) (citing *Allday v. Brown*, 7 Vet.App. 517, 527 (1995)). Where the Board fails to meet this obligation, the Court is precluded from effectively reviewing the adjudication, and the Court will generally vacate the Board's decision and remand the matter. *See Davis, supra*; *Meeks v. Brown*, 5 Vet.App. 284, 288 (1993); *see also Ardison v. Brown*, 6 Vet.App. 405, 407 (1994) (holding that "an inadequate record frustrates judicial review").

The record on appeal (ROA) establishes that at his VA hearing, Mr. Sanders offered to see a private gastroenterologist in order to obtain an opinion on whether his current medical condition supported a finding that he was entitled to a compensable rating. R. at 169-76. The ROA also shows

that the VA hearing officer thereafter suggested that adjudicating Mr. Sanders' claim would be expedited if VA conducted the examination rather than VA waiting for the results of Mr. Sanders' own private examination, and it was agreed that the hearing officer would request a VA examination. *See* R. at 169-76. While acknowledging that this verbal exchange did occur, the Secretary argues to the Court that no error occurred because the government should bear no obligation to obtain an otherwise unwarranted examination simply because a government employee indicated that such an examination appeared to be in order. Secretary's Br. at 12-13.

The Court makes no determination on whether VA must provide an examination under the unique circumstances of this case or whether VA's failure to do so amounted to a fair-process violation. *See Thurber v. Brown*, 5 Vet.App. 119, 123 (1993) (identifying concepts of procedural regularity, notice, and basic fair play as integral to VA claims processing system); *see also Nolen v. Gober*, 222 F.3d 1356, 1361 (Fed. Cir. 2000) (discussing general principles of fairness in light of the fact that the veterans' benefits statutes are strongly and uniquely pro-claimant); *Austin v. Brown*, 6 Vet.App. 547, 551 (1994). Notwithstanding that question, the commitment of the hearing officer to schedule a VA examination was significant, and Mr. Sanders claims he relied on that agreement to his detriment. *See* R. at 169-76; Appellant's Br. at 9. We thus hold that the Board was obligated, in light of the veteran-friendly nature of the veterans benefits adjudication system and the reasons-or-bases requirement set forth above, to discuss adequately the hearing officer's statements and explain to the veteran in its decision why VA, despite its duty to assist claimants, would not or need not provide the promised medical examination. *See* 38 U.S.C. § 5103A; *Jaquay v. Principi*, 304 F.3d 1276, 1288 (Fed. Cir. 2002) (en banc) (noting veteran-friendly nature of the veterans' benefits system); *see also Santana-Venegas v. Principi*, 314 F.3d 1293, 1298 (Fed. Cir. 2002) (recognizing "non-adversarial and pro-claimant character" of veterans benefits adjudication). Because the Board's decision is deficient in this regard, the matter must be remanded. *See Davis, supra.*

### III.  CONCLUSION

Upon consideration of the pleadings of the parties and a review of the ROA before this Court, the April 9, 2001, decision of the Board is VACATED and the matter REMANDED for further proceedings consistent with this opinion. On remand, Mr. Sanders is free to submit additional

5

evidence and argument, including those raised in his brief to this Court, in accordance with *Kutscherousky v. West*, 12 Vet.App. 369, 372-73 (1999) (per curiam order). The Board shall proceed expeditiously, in accordance with section 302 of the Veterans' Benefits Improvements Act of 1994, Pub. L. No. 103-446, § 302, 108 Stat. 4645, 4658 (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" of claims remanded by Board or Court).

VACATED AND REMANDED.

KRAMER, *Chief Judge*, concurring: Assuming that, on remand, the Board of Veterans' Appeals (Board) determines that there is no duty to assist the appellant by providing the medical examination in question, the Board should nevertheless address with an adequate statement of reasons or bases the following: whether the hearing officer promised the appellant a VA examination (*see* Record at 169-72, 175-76); whether the hearing officer was authorized to promise an examination and, if so, whether that authorization could have been rescinded by another VA employee; whether the appellant reasonably relied to his detriment on the hearing officer's statements; and, assuming that he could have reasonably relied on those statements, what is the significance of any such reliance in the context of this case. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 56-57 (1990).