NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7086

ARTHUR Y. MCKENZIE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Arthur Y. McKenzie, of Durham, North Carolina, pro se.

David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Franklin E. White, Jr., Assistant Director. Of counsel on the brief were Ethan G. Kalett, Deputy Assistant General Counsel; and Tracey P. Warren, Attorney, United States Department of Veterans Affairs, Office of the General Counsel, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2008-7086

ARTHUR Y. MCKENZIE,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2108, Judge Alan G. Lance, Sr.

_____

DECIDED: August 7, 2008

_____

Before RADER and SCHALL, <u>Circuit Judges</u>, and ILLSTON, <u>District Judge</u>.[*]

PER CURIAM.

## DECISION

Arthur Y. McKenzie appeals the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the denial by the Board of Veterans' Appeals ("Board") of his claim for entitlement to service connection for his post-traumatic stress disorder ("PTSD"). <u>McKenzie v. Peake</u>, No. 06-2108, 2008 WL 373231 (Vet. App. Jan 15, 2008). We <u>affirm</u>.

---

[*] Honorable Susan Y. Illston, District Judge, United States District Court for the Northern District of California, sitting by designation.

DISCUSSION

I.

Mr. McKenzie served on active duty in the U.S. Army from January 1970 to January 1972, with service in the Republic of Vietnam. He was diagnosed with PTSD in October 2001. Mr. McKenzie's medical records indicate that he reported experiencing several stressors during his service in Vietnam, including his shooting and killing a Vietnamese citizen while performing guard duty and his being victim to an enemy attack at a noncommissioned officers club.

In December 2001, Mr. McKenzie filed a claim for entitlement to Department of Veterans Affairs ("VA") disability compensation based upon his PTSD. Under VA regulations, service connection for PTSD requires (1) a current medical diagnosis of PTSD, (2) credible supporting evidence that the claimed in-service stressor actually occurred, and (3) medical evidence establishing a nexus between the claimed in-service stressor and the current symptoms of the PTSD. 38 C.F.R. § 3.304(f). Combat related stressors may in certain cases be established by the veteran's own lay testimony, whereas stressors unrelated to combat require additional corroborating evidence. Id. § 3.304(f)(1); Nat'l Org. Of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs, 330 F.3d 1345, 1351 (Fed. Cir. 2003).

The VA Regional Office ("RO") denied service connection for PTSD in a May 2002 rating decision. On review, the Board remanded Mr. McKenzie's claim for PTSD and instructed the RO to attempt to verify his alleged in-service stressors. When the matter was returned to the Board, it concluded that the criteria for service connection for PTSD had not been met. In particular, the Board determined that although Mr.

McKenzie had been diagnosed with PTSD, "he did not engage in combat and there are no service records or other supporting documents corroborating the occurrence of any of [his] alleged in-service stressful experiences."

On appeal to the Veterans Court, Mr. McKenzie argued that the Board erred in denying service connection for PTSD because, among other things, it failed to consider his "frequent guard duty" as a relevant stressor. He pointed to a March 18, 2003 letter, wherein Edwin Hoeper, M.D. relayed findings from a psychiatric evaluation of Mr. McKenzie. In the letter, Dr. Hoeper (1) summarized the patient history that Mr. McKenzie gave to him, (2) discussed the symptoms reported by Mr. McKenzie, and (3) concluded that Mr. McKenzie suffered from chronic PTSD. Mr. McKenzie argued that the Board erred by failing to account for the following statements contained in the March 18 letter.

> He served in the Army from 1970 to 1972. He served in Viet Nam for 10 months in a transportation unit as a land-craft crewman. <u>He also had frequent guard duty</u>.

(emphasis added). Mr. McKenzie explained that the Board's decision did not mention this evidence regarding "frequent guard duty" in analyzing his claim for service connection for PTSD.

The Veterans Court noted that the Board was not required to discuss all evidence of record in its decisions; it was only required to discuss all relevant evidence. With respect to the mention of Mr. McKenzie's "frequent guard duty" in the March 18 letter, the court determined that Dr. Hoeper "[did] not indicate that it was the source of, or a contributing factor to, [Mr. McKenzie's] PTSD." In other words, the court concluded that the Board was not required to explicitly address Dr. Hoeper's statement regarding "frequent guard duty" because nothing in the record suggested a nexus between it and

Mr. McKenzie's PTSD symptoms, making it irrelevant to the issue of whether Mr. McKenzie's PTSD was service connected. Accordingly, the court affirmed the Board's decision.

## II.

Our authority to review decisions of the Veterans Court is governed by statute. Pursuant to 38 U.S.C. § 7292(c), we have "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." However, "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

On appeal to this court, Mr. McKenzie again argues that the Board erred in failing to discuss his alleged "frequent guard duty" as a relevant stressor. He contends that the Veterans Court and Board misinterpreted 38 U.S.C. § 7104(a) and 38 C.F.R. § 19.7, which require decisions of the Board to be based on a review of the entire record. In addition, he apparently argues that the "benefit of the doubt" principles set forth in 38 U.S.C. § 5107(b) apply to the determination of whether the Board considered the entire record—i.e., that when it is unclear whether the Board considered the entire record, he should be afforded the "benefit of the doubt" that it did not do so. Finally, he requests that we grant him service connection for PTSD.

III.

We cannot conclude that the Veterans Court misinterpreted any statute or regulation. The court did not, as Mr. McKenzie alleges, hold that the Board was not required to <u>consider</u> all of the evidence of record. Indeed, the court concluded as a factual matter: "It is clear from the decision on appeal that the Board considered all of the medical evidence of record . . . ." The court merely noted that the Board was not required to <u>discuss</u> all of the evidence of record, which is fully consistent with our jurisprudence. <u>See, e.g.</u>, <u>Lowder v. Dep't of Homeland Sec.</u>, 504 F.3d 1378, 1383 (Fed. Cir. 2007). Nor is Mr. McKenzie entitled to the "benefit of the doubt" that the Board failed to consider any evidence not explicitly discussed in its decision. Quite the contrary, it is presumed that the Board has considered the entire record in reaching its decision unless specific evidence indicates otherwise. <u>See</u> <u>Gonzales v. West</u>, 218 F.3d 1378, 1381 (Fed. Cir. 2000) ("[W]e hold that absent specific evidence indicating otherwise, all evidence contained in the record at the time of the RO's determination of the service connection must be presumed to have been reviewed by the Department of Veterans Affairs, and no further proof of such review is needed.").

IV.

We lack jurisdiction to review the Veterans Court's conclusion that the Board did not err when it failed to discuss "frequent guard duty" as a relevant stressor. That is because such a review would involve the application of law to fact—i.e., it would require us to review the court's factual determination that there was no indication in the March 18 letter of a nexus between Mr. McKenzie's "frequent guard duty" and his PTSD symptoms. We do not have jurisdiction to consider issues involving the Veterans

Court's application of law to the particular facts of Mr. McKenzie's case.[1] See Cook v. Principi, 353 F.3d 937, 938–41 (Fed. Cir. 2003) (concluding that we did not have jurisdiction to review the Veterans Court's decision not to remand in light of an alleged failure of the Board to consider certain facts in the record, where the Veterans Court determined that the omission was not erroneous because the omitted facts were "neither favorable nor unfavorable" to the veteran's claim for benefits).

For the foregoing reasons, we affirm the final decision of the Veterans Court.

---

[1] This includes Mr. McKenzie's argument in his reply brief that, under Kirwin v. Brown, 8 Vet. App. 148 (1995), the March 18 letter should be construed in his favor because it is "ambiguous."